ROBERT C. ZIMMERMAN, Secretary of State
You advise that your office has questioned the validity of certain provisions in the articles of incorporation of a corporation created under the Wisconsin Business Corporation Law, ch. 180, Stats., on the grounds that such provisions fail to conform with the statutory *Page 241 
requirements relating to informal corporate action, set forth in sec. 180.91, Stats. You have forwarded the text of the suspect provisions with a request for an opinion as to whether they are inconsistent with the provisions of that statute.
Section 180.91, Stats., provides as follows:
"180.91 Informal action by shareholders or directors. Anyaction required by the articles of incorporation or by-laws of any corporation or any provision of law to be taken at a meeting or any other action which may be taken at a meeting, may be takenwithout a meeting if a consent in writing setting forth the action so taken shall be signed by all of the shareholders, subscribers, directors or members of a committee thereof entitledto vote with respect to the subject matter thereof. Such consent shall have the same force and effect as a unanimous vote, and may be stated as such in any articles or document filed with the secretary of state under this chapter." (Emphasis added.)
Those portions of the corporate articles which contain the provisions you question are designated as Art. 10 (a) (1), (2) and (3). Subparagraph (a) (1) is essentially an incorporation of the provisions of sec. 180.91, Stats., into the corporate articles, and as such need not concern us further. However, subparagraph (a) (2) purports to authorize informal corporate action by written consent of "a quorum of those entitled to vote," and subparagraph (a) (3) attempts to make acceptance of that mode of informal corporate action an automatic incident of stock ownership, to the extent that "the laws of the state of incorporation do not specifically prohibit" such informal action.
It is my opinion, based on the general principles of law applicable to the subject of your inquiry and the legislative history and judicial interpretation of sec. 180.91, Stats., that the provisions of that statute are automatically included in the articles of incorporation of domestic corporations incorporated under ch. 180, Stats., whether or not any such corporation specifically inserts or implements those provisions in their articles, and that any provision in articles of incorporation which purports to allow informal corporate action by written consent of less than all parties entitled to vote is clearly inconsistent with the provisions of sec. 180.91, Stats., and are thus "specifically prohibited" by Wisconsin law. Therefore, in my *Page 242 
opinion, the above quoted corporate article is invalid under Wisconsin law insofar as it purports to authorize or implement informal corporate action by a quorum of those entitled to vote, contrary to the provisions of sec. 180.91, Stats.
Corporate articles may not be contrary to or inconsistent with the provisions of statutes, such as sec. 180.71, Stats., which become an essential part of the corporate charter by operation of law. As stated in 7 Fletcher, Cyc. Corp. (perm. ed.), pp. 776-779, sec. 3635:
"When a corporation is created or formed under a general corporation law, its charter consists of the law under which it is organized, and of the articles or certificate of incorporation adopted or issued in pursuance of the law, in so far as they are in compliance with and authorized by the law. In such case, there is impliedly written into the charter, as a constituent part thereof, every pertinent provision of the constitution and statutes of the corporation's creation, and applicable provisions of the constitution and general laws of the state in force at the time the company is incorporated are as much a part of its charter as though expressly written therein.
* * *
"The articles or certificate do not alone constitute the charter, and determine the powers of the corporation, but they are to be taken in connection with the statute. The statute is controlling, and the articles or certificate are valid and effectual, not only in so far as they are not in conflict with the statute, but in so far as the powers therein claimed are authorized by the statute."
This general statement of the law is capsulized in sec. 180.45 (2), Stats., which provides that:
"(2) It shall not be necessary to set forth in the articles of incorporation any of the corporate powers enumerated in this chapter. The articles of incorporation may include additionalprovisions, not inconsistent with law, including any provision which under this chapter is required or permitted to be set forth in the bylaws. * * *" (Emphasis added.) *Page 243 
In this regard, I note that shortly after the enactment of sec. 180.71, Stats., it was amended by ch. 399, Laws of 1953, to include specific reference to articles of incorporation,
". . . for the purpose of making it clear that unanimous informal action is authorized by the section even though the articles or bylaws may provide only for action at a meeting." Revision Committee Note, 1953 Bill 524-S.
It is therefore evident that from the outset the legislature intended the provisions of sec. 180.91, Stats., to control over provisions of articles of incorporation dealing with the same subject matter. This conclusion is supported by sec. 180.25 (3), Stats., which indicates, with respect to shareholder action, that the articles of incorporation shall control where the articles "require the vote or concurrence of the holders of a greater
proportion of the shares" than required by ch. 180, Stats. (Emphasis added.) The obvious import of this provision is that the articles may not provide for a lower percentage.
As a general proposition, in the absence of a statute to the contrary, shareholders and their boards of directors are only authorized to take corporate action at a meeting of the shareholders or directors called and conducted according to law. 5 Fletcher, Cyc. Corp. (perm. ed.), pp. 3-4, sec. 1996; 2 Fletcher, Cyc. Corp. (perm. ed.), pp. 227-228, sec. 392. It was in obvious recognition of those general principles that the legislature adopted sec. 180.91, Stats., as part of an overall revision of the Wisconsin Business Corporation Law, by ch. 731, Laws of 1951, so as to provide for greater flexibility in the conduct of corporate affairs. This revision in turn relied heavily on a model business corporation act drafted by the Committee on Corporate Laws of the American Bar Association's Section on Corporation, Banking and Business Law and published in Vol. VI, No. 1 (Nov. 1950) of The Business Lawyer. 22 West's Wis. Stats., Ann., p. XXVII.
Although sec. 180.91, Laws of 1951, was obviously patterned after sec. 138 of the 1950 model act (Informal Action by Shareholders), the Wisconsin statute was drafted so as to authorize informal action by subscribers, directors or members of a committee, in addition to shareholders. Comparable counterparts of sec. 180.91, covering informal action by directors and shareholders are part of the present model code. See Model Bus. Corp. Act Ann. *Page 244 
2d, secs. 44 and 145. I note that Wisconsin has retained its unanimous approval requirement, even though a number of the many states which have patterned their statutes on the model code have provided for varying percentages for informal action. By making such unanimous consent a part of the statutory authority for informal corporate action under sec. 180.91, Stats., the legislature has obviously reserved to itself the authority to change the operative percentage vote necessary for informal action under the provisions of the statute or articles of incorporation adopted pursuant thereto.
Finally, the above opinion is supported by the decision of the Wisconsin Supreme Court in Village of Brown Deer v. City ofMilwaukee (1962), 16 Wis.2d 206, 114 N.W.2d 493, cert. denied371 U.S. 902, 83 S.Ct. 205, 9 L.ed. 2d 164, where the court held that, in deciding whether to perform the "political act" of signing an annexation petition, a corporation did not validly act in an informal manner because it failed to comply with sec. 180.91, Stats. In so concluding the court states the following, at pp. 213-214:
"Section 180.91, Stats., was adopted in order to permit informal action by the board of directors. Corporations owe their existence to the statutes. Those who would enjoy the benefits that attend the corporate form of operation are obliged to conduct their affairs in accordance with the laws which authorized them.
"The legislature having specified the means whereby corporations could function informally, it becomes incumbent upon the courts to enforce such legislative pronouncements. The legislature has said that the corporation could act informally, without a meeting, by obtaining the consent in writing of all of the directors. In our opinion, this pronouncement has pre-empted the field and prohibits corporations from acting informally without complying with sec. 180.91, Stats."
And at p. 215:
"There can be no doubt as to the rule in Wisconsin in view of the enactment of sec. 180.91, Stats., by the Wisconsin legislature. Fletcher also makes the following statement in his treatise at page 242, sec. 396, with respect to the effect of a statute permitting informal corporate action: *Page 245 
"`Of course, a statute may authorize particular acts to be done by the directors acting otherwise than as a board and at a formal meeting. But where it is claimed that the statutes of the state permit the corporation to dispense with this eminently wise and just rule, the construction will be strictly against any such contention.'"
Although it is possible that the presence of apparent authority, estoppel or ratification might alter the legal effect of noncompliance with sec. 180.91, Stats., where a "business decision" rather than a "political determination" is involved, such doctrines are for the courts to apply as the individual facts of each case may dictate, and they do not affect the general statutory mandate of sec. 180.91, Stats., clearly prohibiting informal corporate action by less than unanimous written consent.
RWW:JCM